PER CURIAM.
The board of governors of The Florida Bar has proposed amendments to Florida Bar Integration Rule, article XI, rules 11.-03, 11.04, 11.05, 11.09, and 11.13, regarding the rules of discipline. We approve the proposed amendments with the exception of the amendments to rule 11.09 and rule *38 11.13(6)(c).* We therefore adopt the proposed amendments to rules 11.03(1), 11.-04(3)-{7)» 11-05, and 11.13(6)(a) and (b), as set out following this opinion. The amendments will be effective 12:01 a.m., July 1, 1984.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
RULE 11.03 DISCIPLINARY AGENCIES
(1) The Board of Governors of The Florida Bar. The Board of Governors of The Florida Bar is assigned the responsibility of maintaining the high ethical standards among all its-members the members of The Florida Bar. The Board of Governors of The Florida Bar shall supervise and conduct disciplinary proceedings in accordance with the provisions of these rules and bylaws of The Florida Bar not inconsistent with these rules.
(a) Designated reviewer. The designated reviewer is a member of the Board of Governors responsible for review and other specific duties as assigned by the Board of Governors with respect to a particular grievance committee.
(b) (a) Executive committee. All acts and discretion required by the Board of Governors under these rules of discipline may be exercised by its executive committee between meetings of the Board of Governors as may from time to time be authorized by standing Board of Governors’ policies.
(c) (b) Executive director. All matters to be filed with or served upon the Board of Governors shall be addressed to the Board of Governors and filed with the executive director. The executive director shall be the custodian of the official records of The Florida Bar.
RULE 11.04: GRIEVANCE COMMITTEE FUNCTION AND PROCEDURE
(3) The accused. The accused attorney may be required to testify and to produce evidence as any other witness unless he claims a privilege or right properly available to him under applicable federal or state law, and when so required he may be accompanied by counsel. Before any finding of probable cause or private reprimand is made, the accused shall be advised in general terms of the nature of the conduct which is being investigated, and he shall be given an opportunity to make a statement personally or by counsel, verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct. Unless found-to be impractical by the chairman of- the grievance committee-due to unreasonable delay or other good-cause, T he accused shall be granted the right to be present at any grievance committee hearing when evidence is to be presented to the committee, to face his accuser, and to call witnesses, present evidence, and to cross-examine, subject to reasonable limitation.
(4) (5) Complainant or complaining witness. The complainant or complaining witness is not a party to the disciplinary proceeding. The complainant may be present at any grievance committee hearing when evidence is to be presented, subject to reasonable limitations, and shall have-no right to4>e present during-^ the-grievance committee-proceedings except when called to give evidence and-when so called may be accompanied by counsel. — Neither the complainant nor his counsel shall have the right of confrontation - or cross-examination of the accused or any other-witnessr Neither unwillingness nor neglect of the complaining witness to cooperate, nor settlement, compromise, nor restitution will excuse the completion of an investigation. The complaining witness shall have no right of appeal.
*39 (5) (4) Testimony of witnesses; contempt. Unless he claims a privilege or right properly available to him under applicable law, the accused attorney or any other person who is subpoenaed to appear and give testimony or produce books, papers, or documents, and who refuses to appear or produce such books, papers, or documents, or who, having been duly sworn to testify, refuses to answer any proper question, may be.cited for contempt of this court. Any contempt proceedings instituted or prosecuted during the progress of an investigation or trial covered by the confidential rule shall be conducted in a manner consistent with such rule and shall not be made public except under conditions prescribed in such rule.
(6) Record and report of grievance committee.
(a) No finding of probable cause. If a grievance committee, upon termination of its investigation, does not find probable cause, the committee shall dispose of its files in the manner directed by the Board of Governors. If the grievance committee has notified the accused of the investigation, then the committee shall notify the accused of the action of the committee. The failure of a grievance committee to find probable cause shall not preclude further proceedings. A committee may admonish an accused attorney to improve a particular aspect of his practice even though no ethical violation has been found. An' admonishment does not constitute a disciplinary record against an attorney and is not subject to appeal by the admonished attorney.
(b) Findings of probable cause. If a grievance committee finds probable cause, the branch staff counsel assigned to the committee shall promptly prepare a record of its investigation and a formal complaint and file the same with the executive director, the proceedings being filed in duplicate. The formal complaint shall be signed by the chairman or vice-chairman of the committee who participated in the proceeding. The record and formal complaint shall be in such form as shall be prescribed by the Board of Governors. Such record and formal complaint shall be reviewed promptly by bar headquarters staff counsel. Should bar headquarters staff counsel question the grievance committee’s formal complaint, further proceedings shall be suspended and the matter referred to the designated reviewer Board of Governors. Bar headquarters staff counsel may also return a formal complaint to a grievance committee to remedy technical deficiencies in the complaint. When a formal complaint by a grievance committee is not referred to the designated reviewer Board of-Governors, or returned to the grievance committee for further action, bar headquarters staff counsel shall furnish a copy of the formal complaint to the respondent, and a copy of the record shall be made available to the respondent at his expense.
(c)Discipline of minor misconduct.
(i) If a grievance committee finds an accused guilty of minor misconduct or if an accused shall admit his guilt of minor misconduct by a writing filed with a grievance committee, the grievance committee may recommend an order providing for a private reprimand recommending the manner of administration and for the taxing of costs against him. The report recommending a private reprimand shall be forwarded to staff counsel for review. If staff counsel does not return the report to the grievance committee to remedy a defect therein or if the report is not referred to the disciplinary review committee by the designated reviewer, he shall present the same to the Board of Governors or executive committee with his recommendations. If the report of a grievance-committee recommending a private reprimand is approved by the Board of Governors or executive committee the report shall then be served on the accused by the executive director or staff counsel. The order of private reprimand shall become final unless rejected by the accused attorney within fifteen days after service upon him. If rejected by the accused, the report shall be referred to bar counsel and referee for trial on complaint to be prepared by staff counsel as in the case of a finding of probable cause. The Board of *40 Governors may order an accused attorney to appear before the board for administration of a private reprimand.
(ii)Minor misconduct for which a recommendation of a private reprimand might be appropriate is a relative rather than a precise term. In the absence of unusual circumstances expressly described in detail in the grievance committee report, misconduct shall not be regarded as minor if any of the following conditions exist:
(A) The accused has been disciplined by private reprimand more than once in the preceding ten years.
(B) The accused has been disciplined by a measure more severe than a private reprimand in the past ten years.
(C) The accused is the subject of other pending disciplinary proceedings at the time of the order.
(D) The misconduct involves any of the following: dishonesty, misrepresentation, deceit, fraud, commission of a felony, failure to account for money or property, performance of the offending act with knowledge and intent that such would breach the standards of ethical and professional conduct, and misconduct similar to that for which the accused has been previously punished.
(7) Review of grievance committee action by the designated reviewer. A designated reviewer at any time may review the actions of a grievance committee and shall review those grievance committee actions referred to him. If the designated reviewer disagrees with the grievance committee action, he shall make a report and recommendations to the disciplinary review committee. In those matters referred in writing by bar headquarters staff counsel the designated reviewer shall make the report and recommendations within twenty-one days following the mailing date of the referral, otherwise the grievance committee action shall stand.
RULE 11.05: BOARD OF GOVERNORS AND DISCIPLINARY REVIEW COMMITTEE FUNCTION AND PROCEDURE
Except as provided in rule 11.02(6), no formal complaint shall be filed by The Florida Bar in disciplinary proceedings against a member of the bar unless either a grievance committee or the Board of Governors shall first find probable cause exists to believe that the accused is guilty of misconduct justifying disciplinary action or unless the accused has been determined or adjudged to be guilty of the commission of a felony. The finding of probable cause shall be made by a grievance committee as here-inbefore provided or by the Board of Governors as hereinafter provided.
(1) Review of grievance committee matters by the disciplinary review committee. The disciplinary review committee shall review those grievance committee matters referred to it by a designated reviewer. The committee shall make a report to the Board of Governors and, unless overruled by the board, the report shall be final.
(a) (1) -Review of grievance-committee-report. Whenever a grievance matter is referred to the Board of Governors disciplinary review committee by staff counsel the designated reviewer, the board disciplinary review committee shall promptly review the record and actions of the grievance committee and the recommendations of the designated reviewer the record and-formal complaint -filed by a grievance committee and make a report to the Board of Governors providing for the issuance of: may either-issue
(i) a private reprimand which the accused may thereafter reject in the same manner as a private reprimand recommended by a grievance committee,
(ii) confirm the formal complaint,
(iii) reverse the grievance committee and find no probable cause, or
(iv) return the record and formal complaint matter to the grievance committee for further proceedings.
(b) The disciplinary review committee report shall be final unless overruled by the Board of Governors. If the Board of Governors shall find no probable cause, staff counsel shall notify the accused attorney, *41 the grievance committee, and the complaining witness. A finding of no probable cause by the Board of Governors shall be final, and, after such finding, no further proceedings shall be had in the matter by The Florida Bar. The Board of Governors of The Florida Bar, on the basis of a report of any regular or special grievance committee, may by majority vote find probable cause and direct the filing of a formal complaint against an attorney. When a grievance-committee report recommending a private reprimand has been referred to-it, the Board of Governors or executive committee may affirm the reprimand, find probable cause and-direct the filing of a formal -complaint,-or find no probable cause,
(2) Finding — of probable — cause.—The Board of Governors-of The ■ Florida Bar, saa sponte or on the basis of-fee report-of any regular or spedat-grievance committee or on the recommendation and report of bar-counsel, may by majority-vote find probable cause and-direct the filing of a formal complaint against an attorney as hereinafter provided, — Provided, however, that if such finding is not based upon grievance committee investigation-or-report of bar counsel in pending proceedings against the accused, then -before such finding is made the accused shall be advised in general terms the nature-of the conduct which-is being considered, aad-he shall be given an opportunity to make a statement, personally- or by counsel, verbally or in writing, sworn or-unsworn,-explaining,-refuting, or admitting the alleged-misconduct. — The accused shall have no-right to present other testimony-or evidence, and he shall have no right of confrontation or cross-examination,
(3) Finding of no probable-cause, — A finding of no probable cause by the Board of Governors shall be-final, and after such finding no further proceedings shall be had in-the matter by The Florida Bar,
(2) (4) Appointment of bar counsel. When a grievance committee formal complaint is not referred to the disciplinary review committee Board of Governors or returned to the grievance committee, staff counsel of The Florida Bar Headquarters in Tallahassee may appoint bar counsel unless bar counsel has been appointed, sign the complaint and file the same in the Supreme Court, serve a copy on the respondent, and request the Supreme Court to assign a referee to try the cause. If probable cause is found by the Board of Governors, staff counsel will prepare the formal complaint.
(3) (5) Control of proceedings. Bar counsel, however appointed, at all times shall be subject to the direction of the Board of Governors. In the exercise of its discretion as the governing body of The Florida Bar, the Board of Governors prior to the receipt of evidence by the referee has the power to terminate disciplinary proceedings before a referee, whether such proceedings have been instituted upon a finding of probable cause by the Board of Governors or a grievance committee.
RULE 11.13: ADDITIONAL RULES OF PROCEDURE
(6) Consent judgment.
(a) Before formal complaint is filed. If, before a formal complaint is filed, a respondent states his or her desire to plead guilty to a grievance committee report that finds probable cause and recommends further disciplinary proceedings, then staff counsel, with the approval of the designated board reviewer, may; shall advise the respondent of the discipline that will be recommended to the referee if he-or she-will receive if a written plea of guilty is entered. Such recommendation may consider past disciplinary actions in similar situations and established Board of Governors guidelines. If a written plea of guilty is entered, a referee shall be appointed in accordance with rule 11.06. No recommended-discipline--will be conveyed to the respondent unless staff counsel-and a-designated reviewer are in complete agreement and their agreement — is reduced to writing- and made part of the file. — If-a respondent-tenders a plea of guilty in exchange for a stated — form-of- punishment and staff counsel-and the designated reviewer-cannot agree on acceptance or rejection of-the conditional guilty plea, then the *42 tendered plea will be-referred to-the-Board of Governors for a final decisionT
(b) After filing of formal complaint. If a respondent states his or her desire to plead guilty to a formal complaint that has been filed, then bar counsel, with the approval of the Board of- Governors, -may designated reviewer, shall advise the respondent accused attorney of the discipline the bar will recommend to the referee if a written plea of guilty is entered. Such recommendation may consider past disciplinary actions in similar situations and established Board of Governors guidelines.

The proposed amendments to rule 11.09 and rule 11.13(6)(c) would not require the Supreme Court to review a recommendation from a referee when no review is sought from the referee’s report and the punishment is limited to private or public reprimand. At this time we reject this proposal and elect to continue our review of all referee recommendations.